IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                )
                      )
Dennis A. Kovalsky,   )    Case No. 16 B 12928
                      )
          Debtor(s).  )

## NOTICE OF MOTION

Office Of U.S. Trustee
219 South Dearborn Street-Suite 873
Chicago, IL 60604

Lia Kasios
Ledford, Wu & Borges, LLC
105 W. Madison - 23rd Floor
Chicago, IL 60602

Dennis A. Kovalsky
P.O. Box 10683
Chicago, IL 60610-0683

    PLEASE TAKE NOTICE that on June 6, 2019, at the hour of 9:30 a.m., or as soon thereafter as counsel can be heard, the undersigned will appear before the Honorable Deborah L. Thorne, Bankruptcy Judge, in Courtroom No. 613, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the attached Trustee's Application to Employ Special Counsel.
    At which time and place you may appear if you see fit.

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614
(773) 348-9682

## CERTIFICATE OF SERVICE

    I, Phillip D. Levey, an attorney, certify that on May 30, 2019, I served the aforesaid Notice of Motion and the Motion described therein on the Office of the U.S. Trustee and via ECF and on the remaining persons, if any, by depositing the same in the U.S. Mail in envelopes, with proper postage prepaid.

_/s/ Phillip D. Levey_

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Dennis A. Kovalsky, | )   Case No. 16 B 12928 |
| | ) |
| Debtor(s). | ) |

## TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL

Phillip D. Levey, trustee herein, respectfully represents as follows:

1. That this case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. That applicant is the duly appointed, qualified and acting trustee in this Chapter 7 case.

3. That among the assets which constitute property of this estate is an adversary proceeding entitled Phillip D. Levey, Trustee v. Linda M. Kovalsky, Advesary No. 18 A 00062, which is now pending and undetermined in this Court, arising out of the debtor's pre-petition transfer of certain real estate.

4. That applicant desires to employ William J. Factor ("Factor") of the law firm of FactorLaw of Chicago, Illinois for the purpose of prosecuting the aforesaid cause of action on a contingent fee basis. More specifically, Factor would receive a fee equal to one-third of any net recovery (i.e. gross recovery less any set-offs, counter-claims or the like) plus reimbursement of all costs advanced subject to the final approval of this Court upon the filing of a proper application for fees pursuant to the Bankruptcy Code.

5. That applicant has attempted to determine whether Factor and the law firm of FactorLaw are disinterested persons within the meaning of 11 U.S.C. §101(14).  Attached hereto and made a

part hereof is a Declaration signed by William J. Factor, a member of FactorLaw, supporting applicant's conclusion that Factor and FActorLaw are disinterested persons within the meaning of 11 U.S.C. §101(14).

WHEREFORE, applicant prays that he be authorized to employ Factor and FactorLaw as special counsel to render services as described in the foregoing Application with compensation as aforesaid subject to this Court's final approval thereof and for such other and further relief as may be appropriate.

_____
Trustee

Phillip D. Levey
2722 North Racine Avneue
Chicago, IL 60614
(773) 348-9682

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Dennis Kovalsky, | Case No. 16-12928 |
| Debtor. | Hon. Deborah L. Thorne |
| PHILLIP D. LEVEY, not individually, but solely as Trustee of the Chapter 7 Bankruptcy Estate of Dennis A. Kovalsky, | Adv. P. 18-00062 |
| Plaintiff, | |
| v. | |
| LINDA M. KOVALSKY, | |
| Defendant. | |

**DECLARATION OF WILLIAM J. FACTOR IN SUPPORT OF TRUSTEE'S APPLICATION TO RETAIN WILLIAM J. FACTOR AND FACTORLAW AS COUNSEL, EFFECTIVE AS OF MAY 15, 2019**

I, William J. Factor, hereby state under penalty of perjury as follows:

1. I am an attorney duly licensed and authorized to practice law in Illinois. I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois. My ARDC No. is 6205675.

2. I submit this declaration in support of the entry of an order authorizing the retention of myself and the Law Office of William J. Factor, Ltd. (collectively, "**FactorLaw**") as counsel for Phillip D. Levey (the

{00141226}

"**Trustee**"), not individually but as chapter 7 trustee of the bankruptcy estate (the "**Estate**") of Dennis A. Kovalsky (the "**Debtor**") in the captioned case. This declaration also is being submitted pursuant to 11 U.S.C. §§ 327(a), 328(a) and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

      3.    I have experience and knowledge in bankruptcy law and related fields, and I believe that FactorLaw's attorneys are well-qualified to serve as counsel for the Trustee.

      4.    FactorLaw has not received any amounts from any party in connection with the Case either prior to or during the case.

      5.    In connection with this declaration, FactorLaw has reviewed the list of the Debtor's creditors and has evaluated the connections between FactorLaw, the Estate, and Estate creditors to ascertain if FactorLaw has any relationships with entities connected to the Estate. Based upon that review, to the best of my knowledge, information and belief, and except as set forth herein, I believe that FactorLaw qualifies as a "disinterested person," as that term is defined under § 101(14) of the Bankruptcy Code in that FactorLaw (a) is not a creditor, an equity security holder, or an insider of the Debtor, (b) is not, and was not within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor, and (c) does not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

      6.    To the best of my knowledge, FactorLaw does not have any other connections with the United States Trustee, or any person employed in the office of the United States Trustee, nor is any person connected with FactorLaw a relative of the Bankruptcy Judge assigned to the case. FactorLaw does, however, represent many other panel trustees on

bankruptcy matters and has represented, and continues to represent, Phillip Levey on other matters unrelated to this case.

7. FactorLaw has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under § 504(b) of the Bankruptcy Code or as described herein.

Dated: May 28, 2019 　　　　　　　　　　*/s/ William J. Factor*